UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                    )
                                          )
MILIND SHASHI BHARVIRKAR                  )        Case No.: 6:21-bk-00835
                                          )
        Debtor.                           )        Chapter 11
_____/          )
JOHN GLASSCOCK,

        Plaintiff,

v.                                                 Adv. Proc. No.:

MILIND SHASHI BHARVIRKAR,

        Defendant.

_____/

## VERIFIED ADVERSARY COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § §523 OF THE BANKRUPTCY CODE

Plaintiff-Creditor JOHN GLASSCOCK, individually and derivatively on behalf of Priatek, LLC ("Priatek"), and for its Complaint against Defendant-Debtor MILIND SHASHI BHARVIRKAR (hereinafter "Debtor"), respectfully alleges:

## JURISDICTION

1.  On February 26, 2021, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

2.  As of the date of this Complaint the Debtor has not been granted a discharge.

3.  This Complaint is timely because the deadline to file a Complaint objecting to the Debtor's discharge or to determine dischargeablility of a debt is May 28, 2021.

4.  This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge and is seeking a determination as to the dischargeability of the debt owed by the Debtor under Bankruptcy Code § 523.

5.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 727.

6.  This case is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

7.  Plaintiff is an individual who resides in Pinellas County, Florida.

8.  Plaintiff, individually and derivatively on behalf of Priatek, is a creditor of the Debtor.

9.  Defendant-Debtor is an individual and upon information and belief resides in Orange County, Florida.

## BACKGROUND

10. At all times material hereto, Debtor was an officer and owner of Priatek.

11. At all times material hereto, Respondent was the President (or officer), manager, board member and controlling member of Priatek.

12. At all times relevant, Respondent was the President, controlling member and manager of Priatek Executives, LLC, who was designated as manager of Priatek in the operating agreement ("Operating Agreement"). A true and correct copy of the Operating Agreement is attached hereto as **Exhibit "A."**

13. Priatek Executives, LLC is a shell company and merely used as a façade and alter-ego for Respondent and is not authorized to conduct business in the State of Florida.

14. At all times material hereto, Priatek Executives, LLC:

    a.  Was inadequately capitalized for the entire relevant time period it was allegedly the manager of Priatek;

    b.  Had no assets other than units in Priatek;

    c.  Had no bank account;

    d.  Had no operating capital;

    e.  Was and is the alter-ego of Respondent;

    f.  Its corporate existence was disregarded by Respondent;

    g.  Was nothing more than a façade for Respondent;

    h.  Never sent an invoice to Priatek for services;

    i.  Never provided an accounting or statements of services rendered; and

    j.  Followed no corporate formalities.

15. Glasscock previously served a demand for arbitration, and in response, Respondent filed a motion to stay arbitration in the Thirteenth Judicial Circuit, State of Florida. Glasscock then filed a motion to compel arbitration.

16. The State Court entered an agreed order referring the matter to arbitration. A copy is attached hereto as **Exhibit "B."**

17. All conditions precedent to the filing of this action have been performed, have otherwise occurred, or have been waived.

## NATURE OF THE ACTION

18. This is a shareholder derivative action on behalf of Priatek, LLC, for breach of fiduciary duty and waste.

19. The Plaintiffs have been damaged by Respondent's violations of his duty of loyalty and wasteful actions.

20. Priatek has no active board of directors and the Respondent was the sole remaining manager of Priatek. It would be futile to send Respondent a pre-action demand to request the Respondent to direct Priatek to bring an action against himself. Nevertheless, Glasscock

sent a pre-action demand to Respondent demanding action be taken and payment be made. A true and correct copy of the demand is attached hereto as **Exhibit "C."** To the extent the items stated herein in this Complaint are not encapsulated in **Exhibit "C"**, such demand would be futile and impractical because Respondent was the sole manager and primary wrongdoer and has acted in his own self-interest and with bias against Priatek.

21.     Respondent served a response to the demand denying the claims and failing to take action and failing to make repayment. A true and correct copy of the response is attached hereto as **Exhibit "D."**

<h3 style="text-align:center">COUNT I - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE</h3>

22.     Plaintiff re-alleges paragraphs one through twenty-one, above, as if recited fully herein.

23.     Bankruptcy Code § 523(a)(4), provides, in relevant portion:

> (a)     A discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt --
>
> (4)     for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

24.     At all times relevant, Respondent was the President, board member or an officer of Priatek and therefore owed Priatek a fiduciary duty of both loyalty and care.

25.     At all times relevant, Respondent was a member of Priatek and therefore owed Priatek a fiduciary duty of both loyalty and care.

26.     Respondent also owed Priatek an obligation to engage in conduct that was in the best interest of Priatek and to refrain from fraud and defalcation.

27.     Respondent, as President, officer, member and managing member of Priatek, engaged in conduct that: (1) breached his duty of loyalty and care, (2) was not in the best interest of Priatek, (3) constituted fraud and defalcation, and (4) were in violation of the covenant of

good faith and fair dealing.

28.    These actions include, without limitation, the following:

   a. Improper and unauthorized use of Priatek funds.
   b. Improper and unauthorized base compensation for Respondent.
   c. Improper and unauthorized salary increases for Respondent.
   d. Numerous instances of company funds being used for Respondent's personal expenses.
   e. Numerous instances of company funds being used for dinners, travel, some of which have corresponding social media posts showing non-company related conduct.
   f. Responsible for approximately $50,000.00 of company assets being auctioned off to pay an approximate $2,000.00 debt, which forfeiture was not disclosed to investors.
   g. Respondent sold personal membership units at a discount when the company was in need of money and share could have been sold at a higher price to obtain capital for the company.
   h. Spent on average of $600,000.00/month when the company had no reasonable expectation of success and no earnings.
   i. Hired a master metal worker full time and bought forge equipment to make more kiosks because the metal worker was the husband of Respondent's hair stylist, who was out of work.
   j. Recklessly spent approximately $100,000.00 updating kiosks sitting dormant in a warehouse with LED message boards that key personnel disapproved of, even the consultant who works for Disney who was retained for advice.
   k. Recklessly spent over $2,000,000.00 in manufacturing 275 kiosks, of which, less than 75 were ever deployed, and all of which are currently sitting idle.
   l. Failed to take the opportunity to get out of a lease at 200 Central Avenue when the company had no earnings, but instead, sued the landlord to force another 4 years on the lease that Priatek could not afford.
   m. Accepted and spent funds without executed subscription agreements, resulting in needless legal costs and potential exposure to investors.
   n. Failure to disclose payments for compensation on Form D filings with the SEC.
   o. Creating a toxic and abusive environment including abusiveness towards key staff and vendors, which caused the loss of key talent and created an atmosphere of fear and intimidation that caused significant loss of productivity and morale;
   p. Failure to ever provide the required financial statements to the members of Priatek, even after specific requests from members.
   q. Failure to respond to a lawsuit by a landlord leading to a $150,000.00 default judgment and resulting in the assets of Priatek being held by the landlord.
   r. Intentionally suppressing the formation of organizational resolutions which would set out the roles and responsibility of the Board of Directors to direct the management of Priatek. This was actively opposed and suppressed by Respondent because he did not want any outside control over his lavish and reckless spending of investor's money.
   s. Spending $54,000.00 to manufacture and ship kiosks from China, which included shipping costs. Respondent failed to arrange delivery and those assets were forfeited in China.

      t.  Failed to remove assets that were being held by a landlord for nonpayment of rent despite having the opportunity to do so. All of the remaining assets of Priatek were forfeited to a creditor.

      u.  Respondent converted touchscreens, computers and other valuable equipment and relocated them to his personal storage units.

      v.  Respondent sold a forklift owned by Priatek valued at approximately $11,000.00 and failed to account for the proceeds.

      w.  Openly soliciting investments from investors while at the same time knowing and failing to disclose that the company had no chance of success.

29.    The improper salary was taken by Respondent personally, and not through Priatek Executives, LLC.

30.    The misappropriated money, including the lavish vacations, dinners and other unauthorized expenses were taken by Respondent personally, and not Priatek Executives, LLC.

31.    The Respondent's conduct wasted Priatek's assets.

32.    The conduct by Respondent further constitutes a breach of the implied covenant of good faith and fair dealing, which is implied in the Operating Agreement.

33.    Respondent is personally liable for the actions stated herein because they constitute fraud, defalcation, willful misconduct, and gross negligence and otherwise violated his fiduciary obligations to Priatek.

34.    Further, the corporate form of Priatek Executives, LLC should be disregarded based on the allegations contained herein because it is nothing more that Respondent's alter-ego, and part of a scheme to lure investment dollars to ultimately be siphoned off to Respondent personally and because it would work an injustice, fraud and unfairness on the Claimants should the corporate veil of Priatek Executives, LLC be upheld.

35.    The preliminary amounts sought by Plaintiff are as follows:

$248,632.00 – amounts spent on personal items, 10/2016 – 12/2018.

$100,830.10 – amounts spent on personal items, 2009 - 2016

$11,000.00 – forklift

$194,510.00 – European vacations

$50,000.00 – abandoned equipment in warehouse

$54,165.00 – abandoned kiosks manufactured in China

$973,224.00 – unauthorized compensation and compensation increases

**$1,632,361.10** – principal claim, plus interest, AAA fees, arbitrator fees and attorneys' fees.

36.  Respondent has a history of creating companies and using high pressure and convincing sales tactics to lure investors into investing in the companies, with Respondent then siphoning off the company money for his personal use and creating no value whatsoever for investors. In fact, after receiving the demand from Glasscock, even though there is absolutely no viable path forward for Priatek because the majority of its assets have been seized, and Priatek has over one million dollars in payables, no employees, no office space, no corporate headquarters, no money in the bank, and no earnings for over eighteen months, on May 23, 2019, Respondent sends out an email to all of the investors who put their money into Priatek attempting to convince them that somehow the company would be viable in the future. The email is attached hereto as **Exhibit "E."**

37.  All or part of the debt owed to plaintiff is non-dischargeable as it is a debt for owed for fraud and defalcation within the meaning of Bankruptcy Code § 523(a)(4).

## COUNT II - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

38.  Plaintiff re-alleges paragraphs one through twenty-one and twenty-four through thirty-six, above, as if recited fully herein.

39.  Bankruptcy Code § 523(a)(2)(A), provides, in relevant part:

(a)  A discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt --

      (2)     for money, property, services, or an extension of renewal, or refinancing of credit, to the extent obtained by --

      (A)     false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

40.    Debtor obtained money, property and services from Priatek by false pretenses, false representation and actual fraud.

41.    All or part of the debt owed to plaintiff, is non-dischargeable as it is a debt for money, property, services or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

**COUNT III - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

42.    Plaintiff re-alleges paragraphs one through twenty-one and twenty four through thirty six, above, as if recited fully herein.

43.    Bankruptcy Code § 523(a)(6), provides, in relevant part:

      (a)     A discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt --

      (6)     for willful and malicious injury by the debtor to another entity or to the property of another entity.

44.    Debtor willfully and maliciously injured Priatek by converting company funds and property to his own use.

45.    All or part of the debt owed to plaintiff, is non-dischargeable as it is a debt for willful and malicious injury by the Debtor to Priatek.

    WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment in favor of plaintiff determining that the debt is non-dischargeable under Bankruptcy code § § 523(a)(4),

523(a)(2)(A) and 523(a)(6), and granting such other and further relief as this Court may deem just

and proper.

Dated this 27th day of May, 2021.

JONES LAW GROUP

By:/s/ ROBERT S. JONES, II
ROBERT S. JONES, II, ESQ.
FBN: 725196
HEATH C. MURPHY
FBN: 85164
5622 Central Avenue
St. Petersburg, FL 33707
Phone No.: 727-571-1333
Fax No.: 727-573-1321
Primary E-mail: distribution@JLGtampabay.com
*Attorneys for Plaintiff*

**VERIFICATION**

STATE OF FLORIDA
COUNTY OF PINELLAS

  Under penalties of perjury, I declare that I have read the foregoing Adversary Complaint and that the facts stated in it are true

  Executed this ~~2 7~~ day of May, 2021

            By: _____
            John Glasscock