## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

MILIND SHASHI BHARVIRKAR,

      Debtor.

_____/

JOHN GLASSCOCK,

      Plaintiff,

v.

MILIND SHASHI BHARVIRKAR.

      Defendant.

_____/

Case No. 6:21-bk-00835-KSJ
Chapter 11
Subchapter V

Adv. Proc. 6:21-ap-00094-KSJ

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 and mail a copy to the moving party at BransonLaw, PLLC, 1501 E. Concord Street, Orlando, FL 32801 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response., will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**MOTION TO DISMISS VERIFIED ADVERSARY COMPLAINT**
**OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO**
**11 U.S.C. § 523 OF THE BANKRUPTCY CODE**

Defendant, MILIND SHASHI BHARVIRKAR ("Defendant"), moves pursuant to Rules

12(b)(6) and 23.1, Federal Rules of Civil Procedure, as made applicable by Rules 7012 and 7023.1,

Federal Rules of Bankruptcy Procedure, to dismiss the Verified Adversary Complaint Objecting

to Debtor's Discharge Pursuant to 11 U.S.C. § 523 of the Bankruptcy Code (Doc. 1, "Complaint"),

filed by Plaintiff, JOHN GLASSCOCK ("Plaintiff"), for lack of standing and failure to state a

claim upon which relief can be granted, and in support thereof states as follows:

### SUMMARY OF ARGUMENT

1.      The Complaint should be dismissed in its entirety because Plaintiff is attempting to

assert claims that belong to a separate business entity, Priatek, LLC ("Priatek"), and Plaintiff has

not alleged any facts with specificity to establish that he has derivative standing to assert said

claims.  Plaintiff has not alleged with particularity his efforts to obtain his desired action from the

directors or members or Priatek, nor has Plaintiff alleged with particularity the reasons for not

obtaining the action or making the effort, as required by Rule 23.1(b)(3).  Since the claims alleged

in the Complaint belong to Priatek, not to the Plaintiff, and the Complaint lacks the necessary

allegations of fact required by Rule 23.1, the Complaint should be dismissed for lack of standing

and failure to state a claim on which relief can be granted.

2.      In addition, as a separate and independent basis for dismissal, Count II (11 U.S.C.

§ 523(a)(2)(A)) fails to allege any of the elements of a fraud claim with particularity, and therefore

Count II should be dismissed.

### ALLEGATIONS IN THE COMPLAINT

3.      In the Complaint, Plaintiff alleges that Defendant, "as President, officer, member and managing member of Priatek," engaged in conduct that violated Defendant's fiduciary duties that were owed to Priatek.  Complaint at ¶ 27.

4.      Stated generally, the misconduct alleged in the Complaint consists primarily of allegations of corporate waste of Priatek's assets and mismanagement and misappropriation of Pritek's assets.   Complaint at ¶ 28.   All of the allegations in the Complaint are related to Defendant's alleged mismanagement of Priatek or misappropriation of Priatek's assets.

5.      None of the misconduct alleged in the Complaint is alleged to have been directed at or suffered by Plaintiff, personally.

6.      The Complaint is based entirely on alleged breaches of fiduciary duties that were allegedly owed to Priatek.

7.      Based on the alleged mismanagement and misappropriation of Priatek's assets, Plaintiff asserts three (3) claims seeking to except from discharge a debt that is allegedly owed to Priatek:  Count I (11 U.S.C. § 523(a)(4)); Count II (11 U.S.C. § 523(a)(2)(A)); and Count III (11 U.S.C. § 523(a)(6)).

8.      All three (3) Counts in the Complaint assert that a debt owed to Priatek should be nondischargeable, based on harm that was allegedly suffered by Priatek.

9.      All of the alleged bad acts were allegedly related to the operation of Priatek, the entity, not to Plaintiff, personally.

10.      Any recovery obtained in this case would belong to Priatek, not to Plaintiff.

11.      The claims alleged in the Complaint belong to Priatek, not to Plaintiff.

12.     The Complaint does not allege with particularity the efforts that were made by Plaintiff to obtain the desired action from the directors, nor does the Complaint allege the reasons for not obtaining the action.

13.     Notably, Priatek is not a party to this Adversary Proceeding and has not filed a proof of claim in the main bankruptcy case.

## LEGAL ARGUMENT

14.     Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, as incorporated by Rule 7012(b), Federal Rules of Bankruptcy Procedure ("Rules"), the Court should dismiss a complaint that fails to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim that is plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The plausibility standard requires a complaint to plead facts sufficient to raise a reasonable expectation that the pleader is entitled to relief.  *Id.*  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678.

15.     All Counts of the Complaint should be dismissed for lack of standing and failure to state a claim on which relief can be granted; and Count II should be dismissed for failure to state a claim on which relief can be granted.

## The Complaint Is an Impermissible "Shotgun" Pleading

16.     At the outset, the Complaint is an impermissible "shotgun" pleading.  A "shotgun" pleading is one in which incorporates antecedent allegations by reference into subsequent claims for relief.  Frantz v. Walled, 513 Fed. App'x 815, 820 (11th Cir. 2013) (unpublished).

17.     Shotgun pleadings make it impossible to know which allegations of fact are intended to support which claims for relief.  See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comm. College, 77 F.3d 364, 366 (11th Cir. 1996).

18.     Shotgun pleadings have been "condemned repeatedly" in the Eleventh Circuit. McMahon v. Hunter, 2007 WL 1952906, at *1 (M.D. Fla. June 2, 2007) (unpublished) (citing Cramer v. Florida, 117 F.3d 1258 (11th Cir. 1997) (stating that shotgun pleadings are "altogether unacceptable")).  "Defendants faced with such pleadings cannot and will not be expected to frame a responsive pleading."  Cosby v. Lee County, 55 F.Supp3d 1393, 1398 (M.D. Fla. 2014).

19.     In this case, the Complaint contains twenty-one factual allegations, which Plaintiff incorporates into Count I; and then Plaintiff incorporates part of Count I (Paragraphs 24 through 36) into Counts II and III.  The failure to link allegations to specific counts makes the Complaint a "quintessential shotgun pleading" that fails to comply with Rule 8, Federal Rules of Civil Procedure, and should be dismissed for this reason alone.  Cf. Cosby, 55 F.Supp.3d at 1399.  For this reason alone, the Complaint should be dismissed.

### Plaintiff Lacks Standing

20.     As a separate and independent basis for dismissal, Counts I, II, and III are all based upon alleged wrongs that were allegedly done to Priatek.  Plaintiff's claims should be dismissed because they are all claims that belong to the separate entity, Priatek—these claims do not belong to Plaintiff, personally.  As such, Plaintiff lacks standing to assert any of the claims alleged in the Complaint.

21.     In order for a member of an LLC to have individual standing to bring suit based on claims related to the LLC, the member must allege and prove both direct harm and special injury (or, the member must identify a special contractual or statutory duty owed to the member).  Dinuro

Investments., LLC v. Camacho, 141 So. 3d 731, 735-40 (Fla. 3d DCA 2014) (summarizing and analyzing 50 years' worth of case law and jurisprudence); see also Arbitrage Fund v. Petty, 307 So. 3d 119,  (Fla. 3d DCA 2020) (stating, "In Dinuro, after comprehensively reviewing Florida law, we adopted a two-prong test for ascertaining a shareholder's standing to bring direct suit"); Home Title Co. of Md. v. LaSalla, 257 So. 3d 640, 643 (Fla. 2d DCA 2018) (citing Dinuro favorably).

22.    "An action may be brought directly [by the individual member] only if (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from a harm to the company **and** (2) there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members."  Dinuro Investments., 141 So. 3d at 739-40 (emphasis in original).

23.    With respect to the "direct harm" prong, "[a] shareholder [or member] can only bring a direct suit if the damages are unrelated to the damages sustained by the company and if the company would have no right to recover in its own action." Id. at 736.  In other words, the question is "whether the alleged wrongful conduct devalued the company as a whole or was directed specifically towards the individual plaintiff."  Id.; see also Fla. Stat. § 605.0801 (providing that "[a] member maintaining a direct action under this section must plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company").

24.    In addition, Rule 23.1 (as incorporated by Rule 7023.1) requires derivative actions to "state *with particularity*:  (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B)

the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3) (emphasis added).

25.    Rule 23.1 reflects the requirement under substantive corporation law that "'an aggrieved shareholder must demand that the board take the desired action prior to bringing such a suit." In re Mako Surgical Corp. Derivative Litig., No. 12-61238-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 195399, *5-7 (S.D. Fla. June 6, 2013) (unpublished) (quoting Staehr v. Alm, 269 F. App'x 888, 891 (11th Cir. 2008) (unpublished)).  The required pre-suit demand can only be excused as futile "[i]f the 'particularized factual allegations of the derivative complaint create a reasonable doubt that, as of the time the complaint was filed, a majority of the board could have properly exercised its independent and disinterested business judgment in responding to a demand[.]'" Mako Surgical Corp. Derivative Litig., 2013 U.S. Dist. LEXIS 195399 at *6 (quoting Staehr, 269 F. App'x at 891); see also Bensusan v. Prebul (In re Prebul), No. 09-14010, 2011 Bankr. LEXIS 2795 (Bankr. E.D. Tenn. July 19, 2011) (unpublished) (noting that derivative claims "must be plead in compliance with Federal Rule of Bankruptcy Procedure 23.1 and Federal Rule of Civil Procedure 23.1").

26.    There are no such allegations in the Complaint here.  Although the Complaint parrots the language or Rule 23.1(b)(3), there are no *facts* alleged *with particularity* showing that the requirements of Rule 23.1(b)(3) have been satisfied.

27.    In this case, Plaintiff has not alleged in any of the Counts any injury that is not solely the result of an injury suffered by Priatek.  Plaintiff has not alleged any direct harm to himself, individually.  All of the alleged harm to Plaintiff flows from alleged harm to Priatek, and therefore Plaintiff lacks standing.  Cf. Dinuro Investments, 141 So. 3d at 736 (finding no direct harm where a member alleged that the two other members intentionally allowed the LLC to default

on a promissory note secured by a mortgage on real property, so that the other two members could purchase the loans at a discount, and then foreclose on the real property, thereby depriving the LLC of its only assets).

28.     Like <u>Dinuro</u>, the harm to Plaintiff in this case results indirectly from the alleged loss to Priatek.  <u>Dinuro Investments</u>, 141 So. 3d at 740.  As such, the Complaint has not alleged a direct harm to Plaintiff, personally, and therefore he lacks standing.

29.     Furthermore, Plaintiff has not made any *factual* allegations at all showing that a majority of the Priatek board did not or could not have exercised its independent and disinterested business judgment in responding to such a demand.  As such, Plaintiff has not alleged that he has standing to pursue the claims in this case.  <u>See Mako Surgical Corp. Derivative Litig.</u>, 2013 U.S. Dist. LEXIS 195399 at \*6.

30.     Plaintiff has not alleged that he has met the requirements to bring the claims derivatively.

31.     Because there was no direct harm to Plaintiff, individually, and he has not alleged that he should be able to bring the claims derivatively on behalf of Prioatek, he lacks standing to assert any of the claims in the Complaint, and all of the claims asserted by him, or asserted derivatively, should be dismissed.

**The Complaint Fails to State a Claim under 11 U.S.C. § 523(a)(2)(A).**

32.     As a separate and independent basis for dismissal, Count I should be dismissed for failure to state a claim on which relief can be granted.

33.     Claims under 11 U.S.C. § 523(a)(2)(A) must meet the heightened pleading standard under Rule 9(b), as incorporated by Rule 7009.  *See Honey Dew Assoc., Inc. v. Monaco (In re Monaco)*, 347 B.R. 454, 457-58 (Bankr. D. Mass. 2006).

34.     The elements of a claim under § 523(a)(2)(A) are (1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation.  *Stewart Title Guaranty Co. v. Roberts-Dude (In re Roberts-Dude)*, 597 Fed. App'x 615, 617 (11th Cir. 2015) (citing *In re Bilzerian*, 153 F. 3d 1278, 1281 (11th Cir. 1998)).

35.     The Complaint does not allege any of these necessary elements, certainly not with the heightened particularity required by Rule 9(b).

36.     More specifically, the Complaint does not allege that Defendant made any false representations at all.  There are no false representations alleged in the Complaint.  Nor does the Complaint allege Plaintiff relied on any false representations.  Nor does the Complaint allege that such reliance (if it had been alleged) was justifiable.

37.     Since the Complaint does not allege any false representations, or justified reliance thereon, Count II should be dismissed for this separate and independent reason.

## CONCLUSION

38.     For the foregoing reasons, the Complaint should be dismissed for lack of standing and failure to state a claim on which relief can be granted.

WHEREFORE Defendant, MILIND SHASHI BHARVIRKAR, prays the Court will dismiss the Verified Adversary Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. § 523 of the Bankruptcy Code (Doc. 1) filed by Plaintiff, JOHN GLASSCOCK, and for such other relief that the Court deems just and proper.

Respectfully submitted this 28th day of June, 2021.

  */s/ Jeffrey S. Ainsworth*
JEFFREY S. AINSWORTH
Florida Bar No. 60769
JACOB D. FLENTKE

Flentke Legal Consulting, PLLC, Of Counsel
Florida Bar No. 25482
**BransonLaw, PLLC**
1501 E. Concord St.
Orlando, FL  32803
Phone:  407-894-6834
Fax:  407-894-8559
E-mail:  jeff@bransonlaw.com
    jacob@bransonlaw.com
    jacob@flentkelegal.com
Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

  I HEREBY CERTIFY that on this 28th day of June, 2021, a true and correct copy of the foregoing has been provided electronically through the Court's CM/ECF filing system to all registered recipients.

     _/s/ Jeffrey S. Ainsworth_
     JEFFREY S. AINSWORTH
     Florida Bar No. 60769