## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

MILIND SHASHI BHARVIRKAR,

    Debtor.
_____/

Case No. 6:21-bk-00835-KSJ
Chapter 11
Subchapter V

JOHN GLASSCOCK,

    Plaintiff,

v.

MILIND SHASHI BHARVIRKAR,

    Defendant.
_____/

Adv. Proc. 6:21-ap-00094-KSJ

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS VERIFIED ADVERSARY COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 523 OF THE BANKRUPTCY CODE**

    Plaintiff, JOHN GLASSCOCK (hereinafter "Plaintiff" or "Glasscock"), hereby files this Response in Opposition to Debtor's, MILIND SHASHI BHARVIRKAR (hereinafter "Defendant") Motion to Dismiss Verified Adversary Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. § 523 of the Bankruptcy Code, and in support thereof states as follows:

**Background**

1. Glasscock brought three counts in an adversary proceeding laying forth the fraudulent activities the Defendant engaged in while a fiduciary of Priatek, LLC.

2. Glasscock has properly plead all of the requirements and elements of the causes of action as described herein.

**Argument and Memorandum of Law**

**A.  Plaintiff's Complaint is not an Impermissible "Shotgun" Pleading.**

3.  In his Motion to Dismiss, Defendant first argues Plaintiff's Complaint constitutes a shotgun pleading because the Count I contains "twenty-one" (actually twenty-three) factual allegations which are incorporated in Counts II and III by reference.

4.  Defendant contends the twenty-three allegations of fraudulent behavior by Defendant contained in Count I and incorporated by reference into Counts II and III fail to link allegations to specific counts.

5.  However, as Defendant is well aware, these allegations have remained consistent throughout the last two years of this protracted litigation.

6.  Accordingly, the facts alleged in Count I and incorporated by reference into Counts II and III are the same facts that give rise to each cause of action; each cause of action is an alternative claim for fraud, and all facts included in Count I are applicable to Counts II and III.

7.  Therefore, Plaintiff's Complaint complies with Rule 8 of the Federal Rules of Civil Procedure and is not a "shotgun pleading" as alleged.

8.  In the alternative, Glasscock would request leave to amend, to correct any technical pleading deficiencies.

**B.  Plaintiff has Standing to Bring Claims Against Defendant.**

9.  Next, Defendant spends most of his motion arguing that Glasscock lacks standing as an individual Plaintiff, and spends only one paragraph on the fact that Glasscock is a derivative Plaintiff, and then attempts to argue the pre-suit demand that was sent was insufficient.

10. In support of his argument, Defendant states Rule 23.1(b)(3), Fed. R. Civ. P., requires a derivative Plaintiff to state with particularity the efforts by Plaintiff to obtain the desired action from Defendant, and there are no facts alleged with particularity showing the requirements of Rule 23.1(b)(3) have been satisfied.

11. Defendant's argument is without merit; Glasscock made the required demand and laid forth the claims in detail. A copy is attached to the Complaint as Exhibit "C." The Defendant then responded to the demand. A copy of the response is attached to the Complaint as Exhibit "D."

12. The Defendant was the proper person to send the demand. Prior to the demand, because of the Defendant's behavior, all of Priatek, LLC's employees quit and walked out and the board of directors resigned. After Defendant raised and spent over $16 million in investor funds with nothing to show for it, everyone left, which is about the same time he misappropriated the forklift.

13. Moreover, and further, the Defendant was the managing member and therefore was the proper person to send the demand since the entity is a limited liability company.

14. Priatek, LLC has not been operating since prior to May 21, 2019 and is actually dissolved with the Delaware Secretary of State as of December 22, 2019 for failure to appoint a registered agent after the previous one resigned.

15. Plaintiff brought the claims in the underlying arbitration in a derivative fashion, which was then stayed by the bankruptcy,

16. Plaintiff was a member of Priatek, LLC and alleged so.

17. As clearly stated in Paragraph 18 of Plaintiffs Complaint, "[t]his is a shareholder derivative action on behalf of Priatek, LLC, for breach of fiduciary duty and waste."

18. Accordingly, Plaintiff complied with all conditions precedent to bringing the derivative action against Defendant, including, but not limited to, sending the pre-suit demand.

19. Moreover, even if the pre-suit demand had not been sent, it would be excused under the doctrine of futility as there is no reasonably likelihood that Defendant would have instituted an action against himself.

20. Therefore, Defendant's assertion that Plaintiff lacks standing to bring this derivative claim is frivolous and his Motion to Dismiss for lack of standing must be denied.

**C. Plaintiff States a Claim.**

21. Defendant argues that "[a]s a separate and independent basis for dismissal, Count I should be dismissed for failure to state a claim on which relief can be granted."

22. Moreover, Defendant contends the Count I fails to state a claim under 11 U.S.C. § 523(a)(2)(A).

23. In support of his argument, Defendant claims Plaintiff's Complaint "does not allege any false representations, or justified reliance," therefore it should be dismissed.

24. The relevant portion of 11 U.S.C. § 523(a)(2)(A) states in relevant portion:

    (a) A discharge under 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt –

    (2)    for money, property, services, or an extension of renewal, or financing of credit, to the extent obtained by –

    (A)    false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

25. As stated in Paragraph 40 of Plaintiff's Complaint, "Debtor obtained money, property and services from Priatek by false pretenses, false representation and actual fraud."

26. Thus, Plaintiff alleged that Defendant is liable on account of all three enumerated types of fraud, not just false representations.

27. The supreme Court's decision in *Husky International Electronics, Inc., v. Ritz*, is helpful here, wherein the Court held the term "actual fraud," as used in the discharge exception for debts obtained by false pretenses, a false representation, or actual fraud, encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation. *Husky International Electronics, Inc., v. Ritz*, 136 S. Ct. 1581, 1585 (2016).

28. Further, "the Supreme Court has historically construed the terms in the discharge exception for debts obtained by false pretenses, a false representation, or actual fraud to contain the elements that the common law has defined them to include." *Id.* "In the context of common law fraud, anything that consists of 'fraud' and is done with wrongful intent is 'actual fraud.'" *Id.* "Common law fraudulent conveyances, although a 'fraud,' do not require a misrepresentation from a debtor to creditor." *Id.* at 1587. "In the context of common-law fraudulent conveyances, the fraudulent conduct is not in dishonestly inducing a creditor to extend a debt but, rather, is in the acts of concealment and hindrance." *Id.* Finally, the "discharge exception for fiduciary fraud covers only debts for fraud while acting as a fiduciary, whereas the discharge exception for debts obtained by false pretenses, a false representation, or actual fraud has no similar limitation." *Id.* at 1588.

29. As to the Defendant's argument on justified reliance, the Court also stated "The Court was not establishing a 'reliance' requirement for frauds that are not premised on such a misrepresentation." *Id.* at 1590.

30. Accordingly, Plaintiff need not demonstrate a false representation for purposes of demonstrating Defendant's fraudulent conduct, rather, these claims exist without a false representation.

31. The Complaint cited numerous examples of fraudulent activities the Defendant engaged in while in a fiduciary capacity of Priatek, LLC, and are laid out in sufficient detail to comply with the Federal Rules of Civil Procedure.

32. Therefore, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished this 12th day of July, 2021, via the Court's CM/ECF filing system to: Jeffrey S. Ainsworth, Esq., BransonLaw, PLLC, 1501 E. Concord St., Orlando, FL 32803 (jeff@bransonlaw.com; jacob@bransonlaw.com; jacob@flentkelegal.com).

> JONES LAW GROUP
>
> By: /s/ ROBERT S. JONES, II
> ROBERT S. JONES, II, ESQ.
> FBN: 725196
> HEATH C. MURPHY, ESQ.
> FBN: 85164
> 5622 Central Avenue
> St. Petersburg, FL 33707
> Phone No.: (727) 571-1333
> Fax No.:    (727) 573-1321
> Primary E-Mail: distribution@JLGtampabay.com
> *Attorneys for Plaintiff*